IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **JAMES ALTON WEST,** | ) |
| **Petitioner,** | ) |
| v. | ) Civil Action No. 5:21-00258 |
| **D.L. YOUNG,** | ) |
| **Respondent.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On April 21, 2021, Petitioner, acting *pro se*,[1] filed his Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody. (Document No. 1.) Specifically, Petitioner contends that he should receive time credits for programming completed during his incarceration pursuant to the First Step Act of 2018. (Id.) Petitioner explains that he has "completed education programs from December 22, 2018 to January 2021" and he has "over 240 hours." (Id.) Petitioner further states that he has also completed a parenting program, which was conducted from August 2020 to September 9, 2020. (Id.) As relief, Petitioner requests that this Court direct the BOP to provide Petitioner with his First Step Act time credits. (Id.)

By Order entered on May 14, 2021, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.) On June 9, 2021, Respondent filed his Response to the Order to Show Cause. (Document No. 8.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) Petitioner

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

failed to exhaust his administrative remedies (Id., pp. 2 – 3.); and (2) Petitioner's request for time credits is premature (Id., pp. 3 – 9.).

As Exhibits, Respondent attaches the following: (1) A copy of the Declaration of Destiny Spearen (Document No. 7-1, p. 2.); (2) A copy of Petitioner's Administrative Remedy History (Id., pp. 4 - 5.) ; (3) A copy of Petitioner's Inmate Discipline Data Chronological Disciplinary Record (Id., pp. 7 - 8.); (4) A copy of "The First Step Act of 2018: Risk and Needs Assessment System" report (Id., pp. 10 – 111); (5) A copy of Petitioner's First Step Act Profile (Id., p. 113); (6) A copy of Petitioner's Inmate Education Data Transcript (Id., p. 115); (7) A copy of the BOP's "Evidence-based Recidivism Reduction (EBRR) Programs and Productive Activities (PA)" (Id., pp. 117-22); (8) A copy of the "First Step Act – Frequently Asked Questions" regarding time credit (Id., pp. 124-26); and (9) A copy of the BOP's "Needs Assessment in the Federal Bureau of Prisons, August 2020 Update" (Id., pp. 128-31).

By Order and Notice entered on June 10, 2021, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 9.) On July 15, 2021, Petitioner filed his Reply. (Document No. 10.) First, Petitioner argues that he is entitled to his "First Step Act credit before the two-year phase of January 15, 2022." (Id.) Citing Goodman v. Ortiz, 2020 WL 5015613 (D.N.J. August 25, 2020), Petitioner argues that the "BOP is now providing First Step Act time credits to inmates housed at the FCI in Fort Dix, New Jersey." (Id.) Petitioner further argues that 18 U.S.C. § 3632(d)(4)(B) unambiguously provides that a prisoner may start earning time credits on December 21, 2018. (Id.) Finally, Petitioner argues that the administrative remedy process was rendered unavailable due to staff using threats of excessive force. (Id.)

## **ANALYSIS**

The Attorney General, through the Bureau of Prisons ("BOP"), has the responsibility of

2

administering a federal offender's sentence after the district court imposes the sentence. United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1354-55, 117 L.Ed.2d 593 (1992). The First Step Act initiated a system that allows eligible prisoners to earn time credits for successfully completing certain programs and activities. 18 U.S.C. § 3632(d)(4)(A). On December 21, 2018, the First Step Act of 2018 ("FSA") was signed into law and created a "new risk and needs assessment system to provide appropriate programing for prisoners." Musgrove v. Ortiz, 2019 WL 2240563, * 2 (D.N.J. May 24, 2019); also see 18 U.S.C. § 3632. Pursuant to 18 U.S.C. § 3632(a), the Attorney General was directed to develop and release publicly on the Department of Justice website a risk and needs assessment system no later than 210 days after the date of the enactment of the FSA. 18 U.S.C. § 3632(a). The Attorney General released "The First Step Act of 2018: Risk and Needs Assessment System"[2] on July 19, 2019, which was within the 210-day deadline. (Document No. 7-1, pp. 9 - 121.) Pursuant to Section 3621(h), the BOP was required to begin implementing the risk and needs assessment system ("System") by January 15, 2020, and have full implementation completed on January 15, 2022. 18 U.S.C. § 3621(h). Specifically, no later than 180 days after the Attorney General released the System, the BOP was directed to do the following: (1) "implement and complete the initial intake risk and needs assessment for each prisoner" and "begin to assign prisoners to appropriate evidence-based recidivism reduction programs based on that determination" (18 U.S.C. § 3621(h)(1)(A)); (2) "begin to expand the effective evidence-based recidivism reduction programs and productive activities it offers and add any new evidence-based recidivism reduction programs and productive activities necessary to effectively implement the System" (18 U.S.C. § 3621(h)(1)(B)); and (3) "begin to implement the other risk and needs

---

[2] The BOP's risk and needs assessment system is titled "Prisoner Assessment Tool Targeting Estimated Risk and Needs" ("PATTERN").

assessment tools necessary to effectively implement the System over time, while prisoners are participating in and completing the effective evidence-based recidivism reduction programs and productive activities" (18 U.S.C. § 3621(h)(1)(C)). Section 3621(h)(2) provides a two-year phase-in period for the BOP to complete implementation of the foregoing program. 18 U.S.C. § 3621(h)(2). Thus, the BOP has until January 15, 2022, to provide evidence-based recidivism reduction programs and productive activities for prisoners. (Id.) Although the BOP has until January 15, 2022 to phase-in the program, Section 3621(h)(4) grants the BOP authority to preliminarily implement the incentive program. 18 U.S.C. § 3621(h)(4). Section 3621(h)(4), however, does not mandate the BOP to preliminarily implement the program. (Id.) Specifically, Section 3621(h)(4) provides as follows:

> Beginning on the date of enactment of this subsection, the Bureau of Prisons *may* begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and *may* offer to prisoners who successfully participate in such programs and activities and rewards described in subchapter D.

Id.(emphasis added). Section 3632(d) provides that prisoners that successfully complete evidence-based recidivism reduction programming or productive activities "shall earn 10 days of time credits for every 30 days of successful participation. 18 U.S.C. § 3632(d)(4)(A)(i). Additionally, a prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii). Prisoners, however, may not earn time credits for an evidence-based recidivism reduction program that a he or she successfully completed (1) prior to the date of the enactment of the FSA (December 21, 2018), or (2) during detention prior to the date the prisoner's sentence commences under Section 3585(a).

18 U.S.C. § 3632(d)(4)(B). Finally, certain offenses preclude a prisoner from receiving time credits. See 18 U.S.C. § 3632(d)(4)(D).

Based upon the foregoing, the undersigned finds that Petitioner's claim based upon the FSA is premature. See Saleh v. Young, 2021 WL 1758711 (S.D.W.Va. May 4, 2021); Allen v. Hendrix, 2019 WL 8017868, * 2 – 3 (E.D.Ar. Dec. 13, 2019)(Although the FSA initiated a system allowing for eligible prisoners to earn time credits for successfully completing "evidence-based recidivism reduction programming," the BOP had until January 15, 2020, to implement the system, complete inmate risk assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs). Although the FSA required the BOP to "begin to assign prisoners to the appropriate evidence-based recidivism reduction programs based on that determination" and "begin to expand the effective evidence-based recidivism reduction programs and productive activities it offers" by January 15, 2020, the FSA provides two years for the BOP to "provide such evidence-based recidivism reduction programs and productive activities to all prisoners." Thus, the BOP has until January 15, 2022 to provide evidence-based recidivism reduction programs and productive activities for *all* prisoners. See Hand v. Barr, 2021 WL 392445, * 5 (E.D.Cal. Feb. 4, 2021). Furthermore, the FSA provides that a "prisoner may **not** earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed prior to the date of the enactment of this subchapter" (December 21, 2018). 18 U.S.C. 3632(d)(4)(B)(emphasis added); also see Hare v. Ortiz, 2021 WL 391280, * 6- 7 (D.N.J. Feb. 4, 2021)(finding that Section 3632(d)(4)(B)(i)'s reference to "the date of enactment in this subchapter" means on or after December 21, 2018). For the successful completion of evidence-based recidivism programs and productive activities prior to January 15, 2022, the BOP has discretionary authority to offer incentives and rewards – such as time credits. Exercising its

discretion, the BOP has determined that a prisoner will not be *awarded* time credit for the successful completion evidence-based recidivism programs or productive activities until January 15, 2022. Additionally, the BOP is not required to *award* time credits to such prisoners until June 15, 2022. See 18 U.S.C. § 3621(h)(4). Although Petitioner places significant weight upon Goodman v. Ortiz, such is non-binding authority upon this Court and for the reasons stated above the undersigned concludes that the BOP has discretion to delay the awarding of time credits until January 15, 2022. The undersigned, therefore, respectfully recommends that Petitioner's Petition be denied as premature.[3] See Brandon v. Warden Carver, Case No. 1:20-cv-0789, ECF No. 16 (S.D.W.Va. Sept. 3, 2021)("[B]ecause the authority of the BOP to award such incentive-based time credits prior to January 15, 2022 is entirely discretionary, there is no basis for this court to require the BOP to award such time credits to Petitioner and, thus, no basis for the court to grant habeas corpus relief requiring her earlier release from custody."); Jones v. Phelps, 2021 WL 366885, * 8 (D.S.C. June 16, 2021), report and recommendation adopted by, 2021 WL 3667396 (D.S.C. Aug. 17, 2021)("The relevant statutes, as well as the heavy weight of authority, do not show that the BOP is obligated to apply Petitioner's earned time credits prior to January 15, 2022 . . . the court has no discretion to disregard the plain language of the relevant statutes."); Churchville v. Bowers, 2021 WL 3679231, * 6 (N.D.W.Va. May 19, 2021)(noting that it is clear from the holding in Wilson and 18 U.S.C. §§ 3621 and 3632 that the BOP is responsible for calculating an inmate's sentence and petitioner's FSA claim that the BOP is refusing to grant him credit for time earned in rehabilitation programs is premature); Knight v. Bell, 2021 WL 1753791, * 3 (D.Md. May 4, 2021)(finding BOP inmates seeking earned time credits under the FSA cannot

---

[3] The undersigned finds it unnecessary to consider whether Petitioner was excused from exhausting his administrative remedies.

obtain relief at this time); Kennedy-Robey v. FCI Pekin, 2021 WL 797516, * 3 – 4 (C.D.Ill. March 2, 2021)(petitioner's claim is premature because the BOP is not required to apply time credits before January 15, 2022); Llufrio v. Johns, 2020 WL 5248556, * 2 (S.D.Ga. Aug. 13, 2020)("Because the First Step Act does not require actual implementation for each inmate until January 2022, [petitioner] is not entitled to an order from this Court compelling the BOP to recalculate his time credits" and "[o]nce the changes of the First Step Act have been full implemented, it will be for the BOP first to determine whether to award [petitioner] time credit, not this [c]ourt"), report and recommendation adopted by, 2020 WL 5047158 (S.D.Ga. Aug. 4, 2020); Bowling v. Hudgins, 2020 WL 1918248, * 4 (N.D.W.Va. March 16, 2020)(time credit provisions of the FSA did not go into effect immediately), report and recommendation adopted by, 2020 WL 1917490 (N.D.W.Va. April 20, 2020); also see Crittendon v. White, 2019 WL 1896501 (M.D.Penn. April 29, 2019)("[T]he good-time credit provisions of the First Step Act are not immediately effective. Moreover, once they are in effective, [petitioner] will be able to first request the relief he seeks through the BOP's administrative process.").

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: October 8, 2021.



Omar J. Aboulhosn
United States Magistrate Judge